# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| STEVEN MATOS, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF JESSICA L. FREDERICK, DECEASED | : No. 192 MAL 2023<br>:<br>:<br>: |
| | : Petition for Allowance of Appeal<br>: from the Order of the Superior Court |
| v. | :<br>:<br>:<br>: |
| GEISINGER MEDICAL CENTER; MICHAEL H. FITZPATRICK, M.D.; RICHARD T. DAVIES, JR., PA-C; ALLEY MEDICAL CENTER; DAVID Y. GO, M.D. AND KYLE C. MAZA, PA-C | :<br>:<br>:<br>:<br>:<br>: |
| PETITION OF: ALLEY MEDICAL CENTER, DAVID Y. GO, M.D., AND KYLE C. MAZA, PA-C | :<br>:<br>: |
| STEVEN MATOS, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF JESSICA L. FREDERICK, DECEASED | : No. 193 MAL 2023<br>:<br>:<br>: |
| | : Petition for Allowance of Appeal<br>: from the Order of the Superior Court |
| v. | :<br>:<br>:<br>: |
| GEISINGER MEDICAL CENTER; MICHAEL H. FITZPATRICK, M.D.; RICHARD T. DAVIES, JR., PA-C; ALLEY MEDICAL CENTER; DAVID Y. GO, M.D. AND KYLE C. MAZA, PA-C | :<br>:<br>:<br>:<br>:<br>: |
| PETITION OF: GEISINGER MEDICAL CENTER; MICHAEL H. FITZPATRICK, M.D.; AND RICHARD T. DAVIES, JR., PA-C | :<br>:<br>: |

## <u>ORDER</u>

**PER CURIAM**

      **AND NOW**, this 6th day of October, 2023, the Petitions for Allowance of Appeal and Joint Motion for Leave to File Joint Reply Brief in Support of Petitions for Allowance of Appeal are **GRANTED**. The issues, as stated by petitioners, are:

> (1)    Whether the Superior Court of Pennsylvania erred when it found that a third party had a viable cause of action under Section 7114 of the Mental Health Procedures Act for failing to seek voluntary commitment, when in *Leight*, this Court expressly limited liability under the Act to decisions made after evaluation and treatment had been formally initiated under the Act, which did not occur here.

> (2)    Whether, in an issue of first impression and significant statewide importance, this Court's holding in *Leight v. University of Pittsburgh Physicians,* 243 A.3d 126, 130 (Pa. 2020), requiring— as a condition precedent to the attachment of liability under Section 7114 of the Mental Health Procedures Act in involuntary inpatient treatment cases— evidence that treatment has been formally initiated (as opposed to merely 'contemplated' or 'considered), applies with equal force to requests for voluntary inpatient examination and treatment?